**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| NICIOLI CONSTRUCTION, LLC,<br>Plaintiff,<br>v.<br>J.P. MORGAN CHASE BANK, N.A.,<br>Defendant. | Case No. 3:26-CV-00312-ART-CLB<br>**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY**<br>[ECF No. 18] |

Currently pending before the Court is Defendant J.P. Morgan Chase Bank's ("Chase") emergency motion to stay discovery. (ECF No. 18.) Plaintiff Nicioli Construction LLC ("Nicioli") responded, (ECF No. 20), and Chase replied, (ECF No. 21). For the reasons stated below, Chase's emergency motion to stay discovery, (ECF No. 18), is DENIED.

To determine if a stay of discovery is appropriate pending a ruling on the motion to dismiss, the Court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether, after a "preliminary peek" at the merits of the underlying motion, the court is "convinced" that the potentially dispositive motion will be granted. *Flynn v. Nevada*, 345 F.R.D 338, 345 (D. Nev. 2024); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The "preliminary peek" does not prejudge the outcome of the underlying motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The parties agree that the motion to dismiss is dispositive of the case and that it can be decided without discovery. Therefore, the Court will only address the third factor in this order.

///

///

Here, the Court has conducted a preliminary peek of Chase's motion to dismiss, (ECF No. 8), and is not convinced it will be granted in full or without leave to amend. In the motion to stay discovery, Chase relies heavily on *Flaherty v. Wells Fargo Bank National Association*, 623 F. Supp. 3d 1124 (D. Nev. 2022) — a case which the undersigned was assigned to and is therefore familiar with — for the proposition Nicioli's claim under NRS 104A.4207 fails as a matter of law. The Court disagrees and finds *Flaherty* is distinguishable.

Unlike *Flaherty*, which found a single legal conclusion devoid of any factual support was insufficient to plead actual knowledge, *id.* at 1131, Nicioli provides factual support for their allegation that Chase had actual knowledge the ACH transfers at issue were deposited into a fraudulent account. Even assuming they did not, however, the Court is fairly convinced Nicioli would be granted leave to amend — just as Flaherty was on two occasions, (*see* 3:22-CV-00025-MMD-CLB at ECF Nos. 23, 41) — which counsels against staying discovery. *See Verify Smart Corp. v. Scammell*, 2025 WL 2347728, at *2 (D. Nev. July 24, 2025) (denying motion to stay discovery because the Court was "fairly convinced" plaintiff would be given leave to amend).

Accordingly, Chase's emergency motion to stay discovery, (ECF No. 18), is **DENIED**.[1]

////

[1] The Court feels compelled to address the parties' arguments regarding the instant motion being filed on an emergency basis. In their opposition, Nicioli details how "Chase's 'emergency' was of its own making" because they mismanaged deadlines. (ECF No. 20 at 5-6.) In their reply, Chase does not dispute any of Nicioli's factual assertions and instead claims Nicioli's argument over a "settled" procedural issue "underscores the weakness of its position on the issue that remains" — *i.e.*, the merits of Chase's motion. (ECF No. 21 at 3.) There are two points the Court will address. First, the Court granted expedited briefing because the closeness of the deadlines foreclosed a regular briefing schedule, not because it adjudicated the appropriateness of Chase's claimed emergency on the merits. Had the Court been aware of Chase's delay as outlined in Nicioli's motion, it would not have granted an expedited briefing schedule. Second, Chase's claim that Nicioli's argument on the merits is undercut by their decision to argue the instant motion is not an emergency is meritless. A party's choice to argue a procedural issue has no bearing on the strength of their argument on the merits.

Cognizant of the impending discovery deadlines, the Court will *sua sponte* grant Chase one **14 DAY EXTENSION** to respond to Nicioli's discovery requests to account for the time spent litigating the instant motion.

**IT IS SO ORDERED**.

**DATED**: August 27, 2026

**UNITED STATES MAGISTRATE JUDGE**